LUIGI COPPOLA, PLAINTIFF-RESPONDENT, v. SEBAS-
TIANO GRANDE, DEFENDANT-APPELLANT.

Submitted July 6, 1915—Decided November 15, 1915.

1. A building contract was entered into between the plaintiff, as
   contractor, and the defendant as owner, containing a clause that
   should the contractor at any time during the progress of the work,
   refuse or neglect to supply a sufficiency of materials and work-
   men, the owner should have power to provide the same, after
   three days' notice in writing, to finish such work, and the expense
   should be deducted from the contract price. The clause was
   made effectual before the building was completed by the giving
   of such notice, and the plaintiff brought an action to recover
   from the defendant the difference remaining between the amount
   which had been paid him on the contract, plus the expense of
   completing the building, and the contract price. Stop-notices
   were served upon the plaintiff by subcontractors under section 3
   of the Mechanics' ·Lien law. *Held*, that a motion to admit the
   claimants under the stop-notices as parties to the action was
   properly denied, as they were not necessary parties. Their claims
   against the owner, if improperly refused, could not in anywise
   be affected by the controversy between the owner and contractor.
2. In an action upon a building contract, the owner's right to de-
   duction or allowances is restricted to payments. Until actual
   payment, or something which is equivalent thereto, no allowance
   can be made for such stop-notices.
3. Where at the trial of an action by a contractor against the
   owner, it did not appear that the defendant had paid anything
   on the stop-notices, he was not entitled to credit therefor.
4. Where testimony is offered at the trial of an action, and upon
   objection by counsel the offer is overruled, and counsel for the
   opposite party makes no objection to the ruling of the court on
   the rejection of such testimony, there is nothing for the appel-
   late court to consider.
5. In the case *sub judice* the owner's right under the contract was
   to finish the work left undone and to deduct the expense from
   the contract price. Therefore, the court rightly charged the jury
   that if there was anything included in the finishing of the con-
   tract not contemplated by the plans and specifications, that should
   not be included.
6. Where an action was tried upon the theory that the plaintiff was
   entitled to recover the contract price less payments and less the
   costs of completion, it was of no consequence whether or not the
   plaintiff was rightfully or wrongfully excluded from finishing
   the work. The breach, if committed by the plaintiff, subjected
   him only to have the expense incurred by the owner in the com-
   pletion of the contract deducted from the contract price.

On appeal from the Supreme Court.

For the appellant, *Casimiro Scoppettone.*

For the respondent, *Gaetano Belfatto.*

The opinion of the court was delivered by

KALISCH, J.	A building contract entered into between Luigi Coppola, contractor, and Sebastiano Grande, owner, plaintiff and defendant, respectively, in the court below, contained a clause, as follows: "Should the contractor, at any time during the progress of said work, refuse or neglect to supply a sufficiency of materials and workmen, the owner shall have power to provide materials and workmen after three days' notice, in writing, being given, to finish the said works, and the expense shall be deducted from the amount of the contract."

This clause was put into operation before the building was completed by such notice being given by the defendant to the plaintiff.

The contract was for $6,634. At the time the notice was given, and the defendant undertook to finish the contract, the defendant had paid to the plaintiff, on the contract, $3,100. Stop-notices to the amount of $2,466.52 had been served upon the plaintiff by the subcontractor.

The plaintiff brought his action to recover from the defendant the difference remaining between the amount paid him by the defendant on the contract, plus the expense the defendant was put to in completing the building and the contract price of $6,634.

Before the cause was ordered on for trial counsel for defendant moved the court that the claimants under the stop-notices be admitted as parties to the action, which motion was refused, and this refusal is alleged as error and is one of the grounds of appeal relied on by the appellant.

In whatever aspect the case may be viewed, it is apparent that the claimants under the stop-notices were not necessary parties.

Their claims against the owner, under the third section of the Mechanics' Lien act, if improperly refused, could not in anywise have been affected in the controversy between the owner and contractor, and even if it had appeared that the owner had wrongfully paid money to the contractor which he ought to have withheld, the owner would nevertheless be entitled to a credit for the same as between himself and the contractor. The application, therefore, to make them parties was properly refused.

And while on this topic, though out of the chronological order in which the grounds of appeal are presented, it will, however, be germane to the matter discussed to consider here the insistence of counsel for appellant that it was error for the trial judge to refuse to permit the defendant to be credited with the amount of certain stop-notices to the extent of $2,466 served upon him by the subcontractor. The trial judge instructed the jury that as it did not appear that the defendant had paid anything on the stop-notices he was not entitled to any credit.

This declaration of the legal rule is fully supported by the reasoning of that eminent jurist, Vice Chancellor Van Fleet, in *Wightman* v. *Brenner*, 26 *N. J. Eq.* 489. On page 493, the learned Vice Chancellor said: "The owner's right to deductions, or allowances, by the statute, is restricted to payments. Until actual payment, or something which in law is equivalent, no allowance can be made. Notice creates a right against both owner and contractor, but does not constitute a payment or operate as a credit."

This view was substantially adopted by this court in *Carlisle* v. *Knapp*, 51 *N. J. L.* 330, 331.

Another ground urged for reversal of the judgment is that the trial judge improperly excluded testimony offered by the defendant tending to establish the sums of money for which two contractors offered to perform the work required for the completion of the contract. The testimony offered was in the nature of two papers showing other bids higher than the one accepted by the defendant for the completion of the work

under the contract. This testimony was manifestly incompetent and was properly excluded.

A further ground of attack upon the validity of the judgment, advanced by counsel for appellant, is that the court improperly excluded a record of the East Orange District Court of a proceeding between the plaintiff and defendant relating to the same subject-matter in controversy and wherein it appeared by the pleadings that the plaintiff had made a statement after he had ceased work under the contract, as to what it would cost to complete the contract. At the time the testimony was offered, counsel for defendant stated its purport to be to prove an admission made by the plaintiff as to what it would cost to complete the contract. The record shows that the offer of this testimony was objected to by plaintiff's counsel and that the objection was sustained by the court.

And it further appears that counsel for defendant made no objection to the ruling of the court, and, therefore, under *Kargman* v. *Carlo,* 85 *N. J. L.* 632, there is no legal question before us to consider. See, also, *Miller* v. *Delaware River Transportation Co., Id.* 700.

Counsel for the appellant next argues that the court erroneously charged the jury that if there was anything included in the finishing of the contract not contemplated by the plans and specifications to be completed by the plaintiff that should not be included. We perceive no error in this. For it must be borne in mind that the owner's right under the contract was to finish the work left undone under the contract and to deduct the expense from the contract price. The owner was not entitled to build a larger or different building, or in any manner add to the work as mapped out and described by the plans and specifications.

An exception was taken by counsel for appellants to that part of the court's charge wherein the court instructed the jury as follows: "So, that if you should find that this would be the reasonable cost of the completion of this building according to the plans and specifications, and that the plaintiff was wrongfully deprived of the opportunity to complete his

contract, your verdict, as far as the contract is concerned, should be the balance due upon the contract, $3,534, less $876.24, leaving $2,657.76, with interest, from the 1st day of December, 1912, down to the present time, at six per cent."

Counsel for appellant, at the time when the attention of the trial judge was called to that part of the charge by the exception then taken, conceded that taking the plaintiff's figures as the basis of the calculation made, the result arrived at by the trial judge was correct, but the appellant made the further claim that it appeared in the testimony of the case that the plaintiff had omitted work which was required by the contract to be done, and therefore the verdict could in no event be as large as that.

It is obvious from what the trial judge said preceding that part of his charge excepted to by appellant, that the exception is unsubstantial. The trial judge was directing the attention of the jury to what the plaintiff claimed, as disclosed by the testimony introduced by him, and instructed the jury, in substance, that if the plaintiff's version was accepted as representing the truth of the case, a finding to the effect indicated in the excepted portion of his charge should result under the contract.

Another ground urged for reversal, by counsel for appellant, is that the court erroneously charged the jury as follows: "I can see no difference in your consideration of the case whether you find that plaintiff was wrongfully or rightfully excluded from this building."

Keeping in mind that the case was tried by the parties to the litigation, as disclosed by the record, upon the theory that the plaintiff was entitled to recover the contract price, less payments made and less the costs of completion, it was, therefore, of no consequence whether or not the plaintiff was rightfully or wrongfully excluded from finishing the work, since the breach if committed by the plaintiff by force of the contract subjected him only to have the expense incurred by the owner in the completion of the contract deducted from the contract price. And furthermore, the defendant did not terminate the contract, but, on the contrary, he upheld it and

undertook as agent for the plaintiff to finish the work at the plaintiff's expense. The last ground of appeal, argued by counsel for appellant in his brief, relates to the exclusion of a plan or drawing in evidence prepared by an architect which it was alleged showed an error in the construction of the front of the building. The plans, or drawings, were prepared for the appellant by the witness after the contract was signed and the building in the process of erection. The testimony was incompetent and properly excluded. The court permitted the witness to testify from his personal observation and knowledge as to any defect in the construction of the front of the building.

Judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 15.

*For reversal*—None.